*Minutes of Superior Court, letter F. p.* 460.

CALLAHAN *vs.* ADMINISTRATOR and ADMINISTRATRIX of
THOMAS and WILLIAM SMITH.

GEORGIA,
Chatham Co.
JAN. 1808.

Callahan
vs.
Admr. & Admx.
of Tho & Wm.
Smith.

### ADMINISTRATION.

BY an order of the 9th January, 1806, administration on
the estate of *Thomas* and *William Smith* was granted by the
court of ordinary unto *Susan M. Smith,* widow of *William
Smith,* and *Joseph Welscher,* a creditor of *Thomas Smith.* On
the 5th February, the court, being notified of the death of
*Joseph Welscher,* one of the administrators, directed a settle-
ment of his accounts by his attorney, and the administration
bond of the said *William Welscher* to be cancelled. On the
6th of April, 1807, a vacancy in the administration was de-
clared to have taken place, and that the qualified administra-
trix, *Susan M. Smith,* had not given the bond and security
that could be approved of by the court ; on the 13th August,
*Alton Pemberton,* gave the security required by the court, and
was joined in the administration with *Susan M. Smith.* And
by an order of the 3d March, 1806, letters *ad colligendum*
which had been granted to *William Callahan,* and *Susan M.
Smith* were revoked. Actions were instituted against *Alton
Pemberton* and *Susan M. Smith* upon the supposition, that
the year given by law to administrators had expired, as the
time ought to be computed from the 7th July, 1806, when
letters of administration were granted to *Joseph Welscher* and
*Susan M. Smith,* the former administrator and administratrix.
It was now contended by the counsel for *Alton Pemberton* and
*Susan M. Smith,* that the administration formerly granted to
*Susan M. Smith* was suspended and revoked by the court of
ordinary on the 6th of April, 1807, and that the administra-
tion from that period, was never complete or efficient, until
the 13th August, 1807, and upon these grounds a motion was

GEORGIA,
Chatham Co.
JAN. 1808.

Callahan
vs.
Admr. & Admx.
of Tho. & Wm.
Smith.

made to dismiss the actions brought against the present administrator and administratrix, one year not having expired from the granting of the administration.

*Charlton*, Judge :

The requisites of the law not being complied with, the courts of ordinary certainly possess the power of revoking administrations, or of declaring them vacant.

An administration cannot be recognised as completely efficient and operative, until the security shall have been given which the court of ordinary may require. This appears never to have been done by *Susan M. Smith:* the virtual revocation of the court of ordinary was therefore founded upon a correct principle. If the security had been given by *Susan M. Smith*, to the extent required of her by the court of ordinary, I would consider the present administration as a continuation of the former, and would therefore compute the time from the 7th July, 1806 ; but the former administration, so far as it relates to *Susan M. Smith*, never having legally and efficiently existed, I am of opinion, that the granting letters of administration to *Alton Pemberton* and *Susan M. Smith*, was the commencement of a new and different administration ; and they consequently should be allowed one year from the 13th August, 1807, at which time they had complied with all the requisites imposed upon them by the court and the law.

It is therefore *ordered*, that actions brought against *Alton Pemberton* and *Susan M. Smith*, administrator and administratrix of *Thomas* and *William Smith*, returnable to the present term, be *dismissed*.

*Lawson, Davies* and *Berrien*, for Plaintiff.
*Mitchell* and *Bulloch*, for Defts.